UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUSTIN DE MATOS, ET AL.,
    Plaintiffs,

       v.                                                                      Civil Action
                                                           No. 13-12885-RWZ
WILLIAM A. HINTON STATE LABORATORY,
ET AL.,
    Defendants.

## MEMORANDUM AND ORDER

ZOBEL, D.J.

       On November 12, 2013, plaintiff Justin De Matos ("De Matos"), a prisoner in custody at MCI Cedar Junction, filed a civil rights complaint alleging that his arrest in Fall River for trafficking a controlled substance within a school zone and the subsequent 2007 conviction and sentence may have been affected by the misconduct of chemist Annie Dookhan at the William A. Hinton State Laboratory.

       On November 21, 2013, this Court issued a Memorandum and Order (Docket No. 5) granting the motion for leave to proceed *in forma pauperis*, assessing an initial, partial filing fee, dismissing the claims of plaintiff's minor children, and directing plaintiff to show good cause why this action should not be dismissed.  The Memorandum and Order explained that De Matos' § 1983 claim based on the alleged use of tainted evidence is barred because his underlying conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Now before the Court is De Matos' Show Cause Response. See Docket No. 11. De Matos responds that Heck doesn't apply and he should be permitted to proceed with a civil rights action to challenge his conviction because he is no longer in custody and therefore cannot obtain habeas relief from his conviction. Id. at p. 2. De Matos states that the Court should not require him to "untangle a moot argument and/or attempt to prove his conviction [has] become reversed, expunged, or obtain a declaration of invalidation prior to filing for federal relief [because this is] contrary to established law, as well as the Federal Constitution. Id. at p. 3. De Matos' response references a concurring opinion in Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (five justices agreeing that Heck's favorable termination requirement did not apply to "a former prisoner, no longer in custody"). Id. at p. 2. De Matos also references several appellate opinions that have held that Heck's favorable termination requirement cannot be imposed against § 1983 plaintiffs who lack a habeas option for the vindication of their federal rights. Id. at pp. 2-3, e.g. Carr v. O'Leary, 167 F.3d 1124, 1127 (7th Cir. 1999); Huang v. Johnson, 251, F.3d 65, 75 (2d Cir. 2001); Wilson v. Johnson, 535 F.3d 262, 267 (4th Cir. 2008); Powers v. Hamilton County Public Defender Comm'n, 501 F.3d 582, 603 (6th Cir. 2007); Klen v. City of Loveland, 661 F.3d 498, 516 (10th Cir. 2011).

## DISCUSSION

The Court has carefully considered plaintiff's argument. De Matos is correct that the Spencer opinion contains favorable language that Heck does not bar an individual not "in custody" from seeking damages under § 1983. However, the Supreme Court failed to directly address whether Heck applies to prisoners, such as De Matos, who are

no longer in custody or otherwise ineligible for habeas relief. More important is that plaintiff's argument fails under controlling precedent from the First Circuit Court of Appeals. See Figueroa v. Rivera, 147 F.3d 77, 80-81 and n. 3 (1st Cir. 1998) (family members of deceased inmate filed § 1983 claims on behalf of estate and court rejected their argument that "strict application of Heck works a fundamental unfairness," since the inmate "was attempting to impugn his conviction when death intervened," mooting his then-pending petition for habeas relief).

Figueroa is one of the first post-Spencer opinions to address the applicability of the favorable termination requirement to prisoners who are unable to seek a habeas remedy. Note, Defining the Reach of Heck v. Humphrey: Should the Favorable Termination Rule Apply to Individuals Who Lack Access to Habeas Corpus?, 121 Harv. L. Rev. 868, 875 (2008). The circuits are split on whether prisoners whose sentences have expired can bring § 1983 claims. De Matos failed to reference Figueroa as well as similar holdings from the Fifth and Eighth Circuits. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000); Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007).

Although the First Circuit recognized that "this plaint strikes a responsive chord," the Court decided against "[c]reating an equitable exception" to the rule announced in Heck. Figueroa. 147 F. 3d at 81. Because Figueroa rejects the argument that Heck does not apply when the plaintiff can no longer obtain habeas relief from the conviction that his § 1983 suit calls into question, see also Thore v. Howe, 466 F.3d 173, 180 (1st Cir. 2006) ("Figueroa held that there are no equitable exceptions to the Heck rule."), plaintiff's argument fails. See Batavitchene v. O'Malley, C.A. No. 13–10729-GAO, 2013 WL 1682376, at *4–*5 (D. Mass. Apr. 16, 2013) ("[t]he Heck rule is applicable even

where ... [the plaintiff] is no longer in custody and thus does not have a habeas remedy," since Figueroa "explicitly held that Heck applies even where habeas relief is unavailable" and "is still the law in this circuit").

Accordingly, this case will be DISMISSED *sua sponte* in its entirety for failure to show good cause why this action should not be dismissed for the reasons set forth in the Court's November 21, 2013 Memorandum and Order.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that this action is DISMISSED in its entirety.

SO ORDERED.

                                         /s/ Rya W. Zobel
                                         RYA W. ZOBEL
                                         UNITED STATES DISTRICT JUDGE

DATED: February 10, 2014